UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81123-CIV-MARRA/JOHNSON

EDERSON LEAL and WALACY
CORREA, on their own behalf
and others similarly situated

    Plaintiffs

vs.

DELTA DRIVERS SERVICE, INC.,
a Florida corporation, LCM
INVESTMENT GROUP, INC.,
a Florida corporation, and
LUIS CAAMANO, individually

    Defendants.
_____/

## ORDER AND OPINION ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Plaintiff's Motion For Summary Judgment [DE 22]. Despite ample notice,[1] no response to the motion has been filed. As such, this case is ripe for adjudication. The Court has carefully considered all moving papers filed in connection with this action, the record, and applicable law. Accordingly, as will be detailed below, Plaintiff's motion will be granted in part and denied in part.

**Background**

On November 27, 2007, Plaintiffs initiated this action pursuant to the Fair

---

[1] *See* Plaintiffs' Notice of Defendants Failure to Respond to Plaintiff's Motion For Summary Judgment [DE 23] and Plaintiff's Notice of Ripeness of Plaintiff's Motion For Summary Judgment [DE 24].

Labor Standards Act ("FLSA") to recover unpaid overtime wages and other relief from Delta Drivers Service, Inc. and LCM Investment Group, Inc. (the "corporate defendants"), and Luis Caamano (the individual defendant) (collectively, the "Defendants").  (D.E. #1).  On February 5, 2008, Juan Carlos Lopez-Campillo, Esq. and the law firm of Littler Mendelson, P.C. appeared on behalf of all Defendants and filed an Answer on behalf of all Defendants.  (D.E. #11).  On February 26, 2008, Plaintiffs served their First Sets of Interrogatories, Requests for Production, and Requests for Admissions on Delta Drivers Service, Inc. and LCM Investment Group, Inc., and on the same date, Plaintiffs' Counsel also sent Defendants' Counsel a written correspondence requesting deposition dates for corporate representatives of Delta Drivers Service, Inc. and LCM Investment Group, Inc., as well as that of individual defendant Caamano.  Subsequently, deposition dates were confirmed and scheduled to take place April 2, 2008.

On March 10, 2008, Littler Mendelson, P.C. filed a Motion to Withdraw as counsel for all Defendants (D.E. #14), which the Court subsequently granted, requiring Defendants to retain counsel for the corporate defendants within 30 days of entry of the Order.  (D.E. #15).  Delta Drivers Service, Inc. and LCM Investment Group, Inc. ultimately failed to retain counsel.  Individual defendant Caamano, who owned and operated both corporations, also dropped out of the case by failing to defend this case in any manner, including failing to controvert Plaintiff's Statement

of Undisputed Facts (PSOF).[2]  As such, in accordance with Local Rule 7.5.D, all material facts set forth in Plaintiff's Statement of Undisputed Facts which are supported by evidence in the record shall be deemed admitted and uncontroverted.

Based upon defendant Caamano's disappearance and failure to participate in the proceedings in any fashion, this case had little activity between March 2008 and December 2008, which prompted the Court to issue an Order requiring Plaintiff to file a Status Report by December 29, 2008.  (D.E. #16).  Plaintiff filed the Status Report explaining the difficulty reaching defendant Caamano, but reiterated Plaintiffs' desire to pursue their claims for unpaid overtime wages. (D.E. #17).

On January 22, 2009, Plaintiff filed a Motion for Entry of Default by Clerk against the two corporate Defendants, Delta Drivers Service, Inc. and LCM Investment Group, Inc.  (D.E. #18).  The Clerk did not enter a default because Defendants had originally answered the Complaint when they were represented by counsel.  (See D.E. #11).

**Undisputed Facts**

1.   Plaintiff Leal was employed by Defendants between May 28, 2005 and November 18, 2005 approximately, a period of 24 work weeks.  (Leal Aff. ¶ 3). Plaintiff performed work as car porter/laborer and related duties for Defendants

---

[2] Plaintiffs' counsel reports that in June 2008, he was contacted by attorney Mario Garcia, Esquire, of Orlando, Florida, who advised him that he "may" undertake the representation of all Defendants, but such representation never came to fruition.

throughout South Florida, including in Miami-Dade, Broward, and Palm Beach County, Florida. (Leal Aff. ¶ 3). Plaintiff was responsible for moving and cleaning vehicles. (Leal Aff. ¶ 7 ).

2. During Plaintiff Leal's employment with Defendants, he worked on average seven days a week, from 6:00 a.m. to 4:30 p.m., working approximately 33.5 hours of overtime per week. Plaintiff was compensated at a regular rate of $6.50/hour for all hours worked and was not compensated for any overtime for the hours worked in excess of 40 hours during any given work week. (PSOF ¶ 2, Leal Aff. ¶¶ 4, 5).

3. Defendants did not maintain daily or weekly records of the hours Plaintiff worked during each week of his employment and they did not keep track of Plaintiff's daily start or stop times. (PSOF ¶ 6, Leal Aff. ¶ 6).

## Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the non-movant, who must go

beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court is required to consider the merits of the motion despite a lack of response by Defendant, *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008), and must ensure the motion itself is support by evidentiary materials. *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *see also Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")  In the instant matter, summary judgment against the corporate Defendants is appropriate as the undisputed factual evidence supports the allegations set forth in the Complaint.

## Discussion

Plaintiff[3] seeks summary judgment based on the following material facts about which he asserts there is no genuine issue of material fact:

1. Plaintiff worked more than 40 hours in one or more work weeks during his employment with Defendants.

2. Defendants failed to pay Plaintiff for the hours he worked over 40 in a work week. (Leal Aff. ¶ 5). Any hourly work over 40 hours in a work week was paid at the straight-time hourly rate, as opposed to the required rate of time and one-half. (Leal Aff. ¶ 5).

3. Plaintiff regularly worked from 6:00 a.m. to 4:30 p.m., seven days a week, totaling 73 hours per work week. (Leal Aff. ¶ 4) or 33 hours of overtime per week. Plaintiff worked for Defendants between May 28, 2005 and November 18, 2005, for a total of 24 weeks. (PSOF ¶ 2, Leal Aff. ¶3).

4. Defendants paid Plaintiff his regular rate of $6.50/hour for all of his hours worked, and thus failed to compensate Plaintiff at the rate of time and one-half for his overtime hours worked. (Leal Aff. ¶5). As a result, based upon Plaintiff being owed half-time wages at a rate of $3.25/hour for 33 hours per

---

[3] During the proceedings, Plaintiffs' counsel unsuccessfully tried to reach Plaintiff Correa. Despite numerous attempts, including phone calls and letters to Mr. Correa, phone calls to Plaintiff Leal, and a "people search" on the internet, Plaintiff's counsel has still been unable to locate and/or even contact Mr. Correa. As a result, Plaintiff's counsel states this motion pertains only to Plaintiff Ederson Leal. DE 22, n.1.

week for 24 weeks, his unpaid overtime wages total $2,613.00.  In addition, Plaintiff is entitled to liquidated damages in the same amount of $2,613.00.  Overall, Plaintiff is owed a total of $5,226.00 for unpaid overtime wages and liquidated damages.

Individual Liability of Luis Caamano

Plaintiffs request the Court grant summary judgment on the issue of Caamano's potential individual liability as an employer within the meaning of the FLSA.

In *Patel v. Wargo*, the Eleventh Circuit wrote,

> An employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases).  *Accord Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984), *cert. denied*, 471 U.S. 1124 (1985). . . To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.

803 F.2d 632, 637-38 (11th Cir. 1986); *see also Muller v. Total Protective Servs. Inc.*, 06-cv-1733, 2007 WL 2729659, *3 (M.D. Fla. Sept. 18, 2007).  Plaintiff asserts that Defendant Caamano owned and operated Delta Drivers Service, Inc. and LCM Investment Group, Inc. and regularly exercised the authority to hire and fire employees, determine Plaintiff's work schedules and other employees' schedules, set the rate pay for employees, and control the finances and operations of Delta Drivers

Service, Inc. and LCM Investment Group, Inc. This statement, however, is completely unverified. Accordingly, the Court cannot consider it evidence for purposes of the instant motion. Therefore, because there is no evidence to support the contention that Luis Caamano is an employer for purposes of the FLSA, the motion will be denied as to the individual defendant Caamano

## Conclusion

In accordance with the conclusions made above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Summary Judgment [DE 22] **is GRANTED in part and DENIED in part**. It is granted as to the corporate defendants Delta Drivers Service, Inc. and LCM Investment Group, Inc.; it is denied without prejudice as to the individual defendant Luis Caamano.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of November, 2009.

                              KENNETH A. MARRA
                              United States District Judge

copies to:
All counsel of record
Delta Drivers Services, Inc.
LCM Investment Group, Inc.
Luis Caamano
8721 Cyrpess Reserve Circle
Orlando, FL 32836