UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81123-CIV-MARRA/JOHNSON

EDERSON LEAL and WALACY
CORREA, on their own behalf
and others similarly situated

    Plaintiffs
vs.

DELTA DRIVERS SERVICE, INC.,
a Florida corporation, LCM
INVESTMENT GROUP, INC.,
a Florida corporation, and
LUIS CAMAANO, individually

    Defendants.
_____/

## ORDER AND OPINION ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Plaintiff's Motion For Summary Judgment [DE 32]. Since Littler Mendelson, P.C.'s withdrawal in March, 2008, individual defendant Luis Camaano ("Camaano") has disappeared and failed to participate in this case in any fashion. He was provided notice on December 30, 2009, that the Court would begin considering the motion on January 11, 2010. *See* DE 34. To date, nothing has been filed by Camaano. As such, the instant motion against Camaano individually is ripe for adjudication. The Court has carefully considered all moving papers filed in connection with this action, the record, and applicable law.

**Background**

On November 27, 2007, Plaintiffs initiated this action pursuant to the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages and other relief from Delta Drivers Service, Inc. and LCM Investment Group, Inc. (the "corporate defendants"), and Camaano (the individual defendant) (collectively, the "Defendants").  (D.E. #1).  On February 5, 2008, Juan Carlos Lopez-Campillo, Esq. and the law firm of Littler Mendelson, P.C. appeared on behalf of all Defendants and filed an Answer on behalf of all Defendants.  (D.E. #11).  On February 26, 2008, Plaintiffs served their First Sets of Interrogatories, Requests for Production, and Requests for Admissions on Delta Drivers Service, Inc. and LCM Investment Group, Inc., and on the same date, Plaintiffs' Counsel also sent Defendants' Counsel a written correspondence requesting deposition dates for corporate representatives of Delta Drivers Service, Inc. and LCM Investment Group, Inc., as well as that of individual defendant Caamano.  Subsequently, deposition dates were confirmed and scheduled to take place April 2, 2008.

On March 10, 2008, Littler Mendelson, P.C. filed a Motion to Withdraw as counsel for all Defendants (D.E. #14), which the Court subsequently granted, requiring Defendants to retain counsel for the corporate defendants within 30 days of entry of the Order.  (D.E. #15).  Delta Drivers Service, Inc. and LCM Investment Group, Inc. ultimately failed to retain counsel.  Individual defendant Camaano, who owned and operated both corporations, also dropped out of the case by failing to

defend this case in any manner, including failing to controvert Plaintiff's Statement of Undisputed Facts (PSOF).[1] As such, in accordance with Local Rule 7.5.D, all material facts set forth in Plaintiff's Statement of Undisputed Facts which are supported by evidence in the record shall be deemed admitted and uncontroverted.

On January 22, 2009, Plaintiff filed a Motion for Entry of Default by Clerk against the two corporate Defendants, Delta Drivers Service, Inc. and LCM Investment Group, Inc.  (D.E. #18).  The Clerk did not enter a default because Defendants had originally answered the Complaint when they were represented by counsel.  (See D.E. #11).  Plaintiff then filed a Motion for Summary Judgment against all defendants. That motion was granted in part and denied in part.  It was granted as to the corporate defendants but denied without prejudice as to the individual defendant Camaano.  *See* DE 26.  Plaintiff now moves once again for summary judgment against the individual defendant Camaano.

**Undisputed Facts**

1.      Plaintiff Ederson Leal ("Leal" or "Plaintiff") was employed by Defendants between May 28, 2005 and November 18, 2005, a period of approximately 24 work weeks.  (Leal Aff. ¶ 3).  Plaintiff performed work as car porter/laborer and related duties for Defendants throughout South Florida.  (Leal Aff. ¶ 3).  Plaintiff was

---

[1] Plaintiffs' counsel reports that in June 2008, he was contacted by attorney Mario Garcia, Esquire, of Orlando, Florida, who advised him that he "may" undertake the representation of all Defendants, but such representation never came to fruition.

responsible for moving and cleaning vehicles.  (Leal Aff. ¶ 7 ).

    2.    During Leal's employment with Defendants, he worked on average seven days a week, from 6:00 a.m. to 4:30 p.m., working approximately 33 hours of overtime per week.  Plaintiff was compensated at a regular rate of $6.50/hour for all hours worked and was not compensated for any overtime for the hours worked in excess of 40 hours during any given work week.  (Leal Aff. ¶¶ 4, 5).

    3.    Defendants did not maintain daily or weekly records of the hours Leal worked during each week of his employment and they did not keep track of Leal's daily start or stop times.  (Leal Aff. ¶ 6).

    4.    Camaano owned and operated Delta Drivers Service, Inc. and LCM Investment Group, Inc., and regularly exercised the authority to hire and fire employees, determined Leal's work schedule and the work schedules of other employees, set the rate of pay of his employees, and controlled the finances and operations of the corporate defendants.  Camaano was involved in the day-to-day operations of the corporate defendants.  (Leal Aff. ¶ 10).

## Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant.  *Adickes v. S.H. Kress & Co.*, 398 U.S.

144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court is required to consider the merits of the motion despite a lack of response by Defendant, *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008), and must ensure the motion itself is support by evidentiary materials.  *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *see also Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")  Previously, the Court granted summary judgment against the corporate defendants but denied summary judgment without prejudice as to the individual defendant Camaano.  Now, because Plaintiff has averred facts to support the contention that Luis Camaano is an employer for purposes of the FLSA, the motion will be granted.

## Discussion

Leal seeks summary judgment based on the following material facts about which he asserts there is no genuine issue of material fact:

1. Leal worked more than 40 hours in one or more work weeks during his employment with Defendants.

2. Defendants failed to pay Leal for the hours he worked over 40 in a work week. (Leal Aff. ¶ 5). Any hourly work over 40 hours in a work week was paid at the straight-time hourly rate, as opposed to the required rate of time and one-half. (Leal Aff. ¶ 5).

3. Leal regularly worked from 6:00 a.m. to 4:30 p.m., seven days a week, totaling 73 hours per work week or 33 hours of overtime per week (Leal Aff. ¶ 4). Leal worked for Defendants between May 28, 2005 and November 18, 2005, for a total of 24 weeks. (Leal Aff. ¶3).

4. Defendants paid Leal his regular rate of $6.50/hour for all of his hours worked, and thus failed to compensate Leal at the rate of time and one-half for his overtime hours worked. (Leal Aff. ¶5). As a result, based upon Leal being owed half-time wages at a rate of $3.25/hour for 33 hours per week for 24 weeks, his unpaid overtime wages total $2,613.00. In addition, Leal is entitled to liquidated damages in the same amount of $2,613.00. Overall, Leal is owed a total of $5,226.00 for unpaid overtime wages and liquidated damages.

<u>Individual Liability of Luis Camaano</u>

Plaintiffs request the Court grant summary judgment on the issue of Camaano's potential individual liability as an employer within the meaning of the FLSA.

In *Patel v. Wargo*, the Eleventh Circuit wrote,

> An employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases). *Accord Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984), *cert. denied*, 471 U.S. 1124 (1985). . . To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.

803 F.2d 632, 637-38 (11th Cir. 1986); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008). Leal avers in his affidavit that Camaano owned and operated Delta Drivers Service, Inc. and LCM Investment Group, Inc. and regularly exercised the authority to hire and fire employees, determined Plaintiff's work schedule and the work schedules of other employees, set the rate pay for employees, and controlled the finances and operations of Delta Drivers Service, Inc. and LCM Investment Group, Inc. DE 32-2, ¶ 10. Accordingly, because the only evidence before the Court paints a picture of Camaano exercising operational control of significant aspects of the business' day-to-day functions, it may be said that Camaano is an "employer" under the Act.

### Conclusion

In accordance with the conclusions made above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Summary Judgment [DE 32] **is GRANTED.** Luis Camaano is jointly and severally liable with the corporate defendants under the FLSA for Leal's unpaid wages in the amount of $5,226.00.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of January, 2010.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Delta Drivers Services, Inc.
LCM Investment Group, Inc.
Luis Camaano
8721 Cyrpess Reserve Circle
Orlando, FL 32836